

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

July 6, 2018

**VIA ECF**
The Honorable Lorna G. Schofield
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *Ramirez v. New York Presbyterian Hospital, et. al.*, No. 17-cv-7801 (LGS)

Dear Judge Schofield:

      This Office represents E.L. Tatum, Robert Beaudouin, Ysmael Joaquin, Flor Olivares, Erskine Walkes, Mandeep Singh, Marquea Rice, Deonn Richardson, Andres Naranjo, and Rosalind Silvia (the "Federal Defendants") in the above-captioned matter. We write to follow-up on certain issues relating to the pre-motion conference for the Federal Defendants' anticipated motion to dismiss, held on June 19, 2018, and this Court's subsequent Order. Dkt. No. 69.

      **A.  Service of Premotion Letter on Plaintiff**

      It. does not appear that Plaintiff received the Federal Defendants' premotion letter (Dkt. No. 65) in advance of the conference. This Office served a copy of the Federal Defendants' premotion letter (and all unpublished authorities cited therein) upon the Plaintiff via U.S. mail on the same day that the letter was filed on ECF. *See* Dkt. 66.[1] Earlier this week, the undersigned received this package, as returned to sender. The returned envelope indicates that BOP rejected the mail because Plaintiff was supposedly "no longer at this facility." This rejection was in error: the envelope was correctly addressed to Plaintiff, and he has remained at the Metropolitan Correctional Center. Today, at the instruction of this Office, counsel for the Federal Bureau of Prisons ("BOP") arranged for a copy of these materials to be hand delivered to Plaintiff. Counsel for BOP will do the same with respect to this letter and for the papers that will be submitted to the Court in connection with the Federal Defendants' anticipated motion to dismiss.

---

[1] This package also included a copy of a Notice of Appearance filed on that same day. *See* Dkt. No. 66.

### B. Expert Discovery

Subsequent to the premotion conference, the Court issued an order setting a fact discovery deadline of October 17, 2018.  *See* Dkt. No. 69.  The Court did not set a deadline for expert discovery.  *See id.*  In the event that any of Plaintiff's claims relating to medical care are not dismissed pursuant to Rule 12(b)(6), medical expert discovery will be necessary in order to assess whether any of the medical practitioner defendants "should have known" that his or her conduct "posed an excessive risk to health or safety." *Darnell v. Piniero*, 849 F.3d 17, 35 (2d Cir. 2017).  Further, medical expert discovery will be necessary to determine whether Plaintiff suffered any injuries that were caused by the Federal Defendants, and if so, the extent of such injuries.  The Federal Defendants therefore respectfully request that the Court set an expert discovery deadline of October 17, 2018.  Such a deadline will not alter any of the other dates set forth in the Court's Order.

Thank you for your consideration of this matter.

          Respectfully,

          GEOFFREY S. BERMAN
          United States Attorney

By:    /s/ Charles S. Jacob
        CHARLES S. JACOB
        Assistant United States Attorney
        86 Chambers Street, Third Floor
        New York, NY 10007
        Tel: (212) 637-2725
        Fax: (212) 637-2702
        charles.jacob@usdoj.gov

cc: *Pro se* Plaintiff (via U.S. mail and hand delivery)

---

Application GRANTED.  Expert discovery, if any, shall be completed by October 17, 2018.  The Clerk of Court shall mail a copy of this order to pro se Plaintiff.
Dated: July 9, 2018
     New York, New York

          LORNA G. SCHOFIELD
          UNITED STATES DISTRICT JUDGE