```
UNITED STATES DISTRICT COURT                    USDC SDNY
SOUTHERN DISTRICT OF NEW YORK                   DOCUMENT
------------------------------------------------------------X  ELECTRONICALLY FILED
                                        :       DOC #:_____
JULIO RAMIREZ,                          :       DATE FILED: 5/24/2019
                            Plaintiff,  :
                                        :       17 Civ. 7801 (LGS)
            -against-                   :
                                        :       OPINION & ORDER
ESKER L. TATUM, et al.,                 :       DENYING
                            Defendants. :       RECONSIDERATION OF
                                        :       THE MOTION TO
------------------------------------------------------------X  DISMISS ORDER
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, the Amended Complaint alleges violations of *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and the Federal Torts Claims Act ("FTCA"). On December 19, 2018, Defendants' partial Motion to Dismiss the Amended Complaint was granted in part and denied in part. The December 19, 2018 Order (the "Order") dismissed the FTCA claims because Plaintiff had not sued the United States as a defendant nor exhausted his administrative remedies, but invited Plaintiff to replead once he had. The *Bivens* claims for deliberate indifference to Plaintiff's medical care survived as to some Defendants, including three correction officers Deonn Richardson, Andres Narnjo and Rosalind Silvia. In addition, three prison medical staff, Defendants Robert Beaudouin, Mandeep Singh and Ysmael Joaquin, did not seek dismissal of the deliberate indifference to medical care claims;

WHEREAS, by letters dated February 23, 24, 25 and March 11, 2019, Plaintiff argued against Defendants' motion to dismiss. The letters were construed as a motion for reconsideration of the Order, and Defendants opposed reconsideration on March 26, 2019;

WHEREAS, Plaintiff's grounds for reconsideration include: (1) the Amended Complaint's proposed *Bivens* claims based on prison officials' alleged retaliation, excessive force and mishandling administrative grievances should not have been dismissed, though the Supreme

Court has not recognized *Bivens* claims in these contexts, (2) Defendant correctional officer Marquea Rice should not have been dismissed because Defendant Rice knew about, but failed to take precautions to protect inmates from, wet prison floors and (3) Defendants Rice, Erskine Walkes and Flor Olivares are not entitled to qualified immunity;

WHEREAS, Plaintiff further requested, in letters dated March 24 and April 13, 2019, that fellow inmate Brandon McIntyre be designated Plaintiff's official paralegal and mediator on the record. Plaintiff also requested that he be designated to the Metropolitan Correctional Center ("MCC") during the pendency of this lawsuit. Defendants opposed both requests on April 30, 2019;

WHEREAS, "[a] motion for reconsideration should be granted *only* when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted) (emphasis added). The standard "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Id.* (internal quotation marks omitted). The decision to grant or deny a motion for reconsideration, whether under Local Rule 6.3, Rule 59(e) or 60(a), rests within "the sound discretion of the district court." *See Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (internal quotation marks omitted); *accord Reynolds v. Hearst Commc'ns, Inc.*, No. 17 Civ. 6720, 2018 WL 1602867, at *1 (S.D.N.Y. Mar. 29, 2018);

WHEREAS, when a party appears *pro se*, a court must construe "the submissions of a *pro se* litigant . . . liberally and interpret[] [them] to raise the strongest arguments that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (emphasis in original) (internal quotation marks omitted) (collecting cases); *accord Smith v. Fischer*, 803 F.3d 124, 127 (2d Cir. 2015). Despite the solicitude given to *pro se* plaintiffs, "the Second Circuit Court of Appeals has made clear that '*pro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them.'" *Azkour v. Haouzi*, No. 11 Civ. 5780, 2012 WL 3561071, at *1 (S.D.N.Y. Aug. 17, 2012) (quoting *Edwards v. INS*, 59 F.3d 5, 8 (2d Cir.1995)). It is hereby

**ORDERED** that the motion for reconsideration of the December 19, 2018, Order is DENIED. Plaintiff does not raise any "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice," compelling revision of the prior Order. *Kolel*, 729 F.3d at 104 (internal quotation marks omitted).

Plaintiff's first argument that the Court should have recognized new *Bivens* claims in the context of his retaliation, excessive force and mishandling administrative grievances allegations contravenes controlling law. Plaintiff admits that the Supreme Court has never recognized *Bivens* claims in these contexts, but urges this Court to exercise its supposed vast "discretion" anyway to allow the claims. The Supreme Court has directed the opposite: it "has consistently refused to extend *Bivens* to any new context or new category of defendants," because such expansion is "now a disfavored judicial activity." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017) (internal quotation marks omitted).

As the Order explained, special factors counsel against recognition of Plaintiff's proposed *Bivens* claims for retaliation, excessive force and mishandling administrative grievances, namely

3

that Plaintiff *has* alternative remedies -- including the prison grievance process and, if he exhausts that process, then possibly FTCA causes of action. While the Supreme Court held in *Carlson v. Green*, 446 U.S. 14, 20 (1980), that a *Bivens* remedy may sometimes be superior to, and therefore cannot be replaced by an FTCA remedy, the Court later clarified that *Carlson*'s analysis is limited to a *Bivens* remedy for deliberate indifference to an inmate's medical care. *See Ziglar*, 137 S. Ct. at 1864-65. Likewise, Plaintiff's argument that the FTCA is an insufficient alternative remedy, because it disallows jury trials, is invalid. As the Supreme Court has explained, sufficient alternative remedies come in many forms other than jury trials, including habeas corpus petitions, a civil service regulatory complaint process, an injunction or "some other form of equitable relief." *Id*. at 1858, 1865.

The other arguments -- on reinstating Defendant Rice and disallowing qualified immunity as to Defendants Rice, Walkes and Olivares -- are the same as arguments already considered in the motion to dismiss. The prior Order held that the Amended Complaint did not state any claims as to these Defendants, and did not reach qualified immunity. Because reconsideration is "not a vehicle for relitigating old issues," but instead a movant must show that a court previously "overlooked" pertinent factors in reaching a decision, *Analytical Surveys*, 684 F.3d at 52 (internal quotation marks omitted), these arguments are not considered again.

Plaintiff is encouraged to pursue his retaliation, excessive force and mishandling administrative grievances claims through the Bureau of Prison's Administrative Remedy Program ("BOP Program"), 28 C.F.R. § 542.10 *et seq*. Once he exhausts these administrative remedies, and if Plaintiff is unsuccessful in this process, he may be able to bring claims related to these allegations against the United States as the defendant, under the FTCA. *See* 28 U.S.C. § 2675 (authorizing action only if party exhausts administrative remedies). Plaintiff still has time to

exhaust his administrative remedies. His allegations are based on events in July through November 2017. The FTCA provides that a party must begin the administrative remedy process within "*two years* after such claim[s] accrue[]," and then must file a lawsuit "within six months after . . . notice of final denial of the claim" by the federal agency, or BOP here. 28 U.S.C. § 2401(b) (emphasis added).

Plaintiff has alleged that he had significant trouble with the BOP Program previously -- in obtaining, submitting and receiving responses to his grievance forms -- when he complained about his deficient medical care at issue in this suit. But the FTCA specifically provides that Plaintiff will be deemed to have exhausted his administrative remedies, *either* upon the BOP issuing a "final denial of the claim" *or* upon the BOP *failing to respond to his claim* "within six months after [the claim] is filed." 28 U.S.C. § 2675(a). If Plaintiff files a final denial *or* a dated record showing that he initiated the BOP Program's administrative remedy process and six months have passed since that date without any response from the BOP, then Plaintiff may be able to sue the United States as a defendant under the FTCA.[1] If this action is still pending, Plaintiff may request to amend his Complaint to add these claims. And if not, Plaintiff may be able to bring these FTCA claims in a new action.

To the extent that Plaintiff is seeking to be excused from administrative exhaustion for his

---

[1] Plaintiff attached to the Amended Complaint a "Request for Administrative Remedy" (Form BP-9), dated October 1, 2017, in which he complains about not receiving medical care for his ongoing injury post-surgery. The BOP may not have formally responded to Plaintiff's October 1, 2017 Request within six months, although the Amended Complaint is ambiguous. Under 28 U.S.C. § 2675(a)'s exhaustion requirement, it is therefore possible that Plaintiff could amend his Complaint and bring FTCA claims against the United States for certain deliberate medical indifference claims, if the October 1, 2017 form was not timely answered. *See Carlson*, 446 U.S. at 19-20 (permitting "parallel" *Bivens* and FTCA claims for deliberate medical indifference allegations specifically). But as the prior Order noted, Plaintiff has not sued the United States as a defendant nor sought leave to add the United States -- the only proper FTCA defendant.

retaliation, excessive force and mishandling administrative grievances claims, and directly bring suit now under the FTCA, that request is denied. The FTCA's exhaustion "requirement is jurisdictional and cannot be waived." *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005); *accord Davila v. Lang*, 343 F. Supp. 3d 254, 272 (S.D.N.Y. 2018). It is further

**ORDERED** that Plaintiff's request for Mr. McIntyre to serve as Plaintiff's paralegal and mediator on the record is DENIED. Only registered attorneys may appear on behalf of a party. 28 U.S.C. § 1654. "Unlicensed laymen" like Mr. McIntyre may not formally represent Plaintiff. *Berrios v. New York City Hous. Auth.*, 564 F.3d 130, 132 (2d Cir. 2009). Plaintiff may, however, continue to consult with Mr. McIntyre and anyone else he wishes regarding his case. Plaintiff is forewarned that advice he receives from individuals who are not trained and licensed to practice law may be legally incorrect. It is further

**ORDERED** that Plaintiff's request that this Court order the BOP to designate him at MCC during the pendency of this lawsuit is DENIED. It is the BOP, and not this Court, that is authorized to determine where to designate an inmate, although the BOP must consider the "recommendations of the sentencing court." *See* 18 U.S.C. § 3621(b). In Plaintiff's criminal judgment in *United States v. Ramirez*, 17-cr-260 (S.D.N.Y.), Dkt. No. 89 at 2, Judge Swain recommended that Plaintiff "be designated to the Metropolitan Correction Center (MCC) to permit him to continue to participate" in this specific action. Plaintiff currently remains designated at MCC. It is further

**ORDERED**, that Plaintiff's request for "15 Subpoena Forms and 6 forms to file a criminal complaint" in his letter dated April 24, 2019, at Dkt. No. 141 is DENIED. As a lay person, and not the government, Plaintiff cannot bring a "criminal complaint" against anyone. If

Plaintiff nevertheless still seeks the subpoena forms, he shall file a letter explaining for what purpose he is requesting them and why the Court should provide them. It is further

**ORDERED** that, to assist this Court in determining whether it should request Plaintiff pro bono counsel for expert discovery, Defendants shall file as soon as possible and no later than **June 28, 2019**, its medical expert report -- opining on Plaintiff's injuries and whether the quality of care he received met professional standards -- which Defendants referenced at the February 26, 2019, conference. Defendants shall inform the Court by letter if they intend to offer any other experts. A scheduling order for expert discovery and ensuing case management deadlines will follow. It is further

**ORDERED** that Defendants shall file a letter, not to exceed three pages, by **June 7, 2019**¸ stating whether, and if so why, amending the Complaint to add the United States as a Defendant for FTCA claims based on the deliberate medical indifference allegations -- as discussed in footnote one above -- would be futile. Defendants shall attempt to locate and file copies of any dated formal response(s) that the BOP issued to Plaintiff's October 1, 2017, Request for Administrative Remedy, to assist the Court in determining whether Plaintiff has met the jurisdictional administrative exhaustion requirement under the FTCA, 28 U.S.C. § 2675(a). Defendants' letter may raise any other issues, citing legal authority, regarding the futility of adding these claims.

The Clerk of Court is respectfully directed to mail a copy of this order to Plaintiff.

Dated: May 24, 2019
      New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**